UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY ABRAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-024** |
| **JAMES M. LEBLANC, SECRETARY**<br>**LA. DEPT. OF CORRECTIONS, ET AL.** | **SECTION "H"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Complaint (ECF No. 4)**

Plaintiff Timothy Abrams ("Abrams") is a convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC"). ECF No. 4, ¶II, at 2; *id*. at ¶III(A), at 3. Abrams filed this *pro se* and *in forma pauperis* suit pursuant to 42 U.S.C. § 1983 against the Secretary James LeBlanc of the Louisiana Department of Public Safety and Corrections ("DOC"), RCC Warden Travis W. Day, RCC Deputy Warden Keith Bickham, and two unknown officers from another institution. *Id*., ¶III(C), at 3. Abrams alleges that, on October 14, 2023, a shakedown search of the cells in RCC Sun Unit 1-L was conducted, and all inmates were placed in flex cuffs. *Id*., ¶IV, at 4. He was housed in cell thirteen when an unknown officer from another institution placed him in flex cuffs. Abrams claims he told the officer the cuff was too tight and cutting off the circulation to his right arm. The officer replied that Abrams would be alright and told Abrams to turn around

so he could finish putting the flex cuff on Abram's left wrist. Abrams claims that he told the officer at least twice that the cuffs were on too tight.

Abrams also alleges that, after the shakedown, unknown officers began cutting the flex cuffs off of the inmates. Abrams claims that, because his cuffs were on too tight, the officer that cut off his cuffs also cut a chunk of flesh from his hand. Because he was bleeding, Abrams was taken to the infirmary for medical treatment, and the incident was documented.

As relief, Abrams requests that the court find the defendants negligent and award him $25,000. *Id.*, ¶V, at 4.

Abrams attached to his complaint copies of two responses to his administrative grievance complaint about the incident. On October 23, 2023, Warden Day responded to Abrams September 17, 2023, grievance which addressed the shakedown that occurred on September 14, 2023 (not October 14 as Abrams indicated). ECF No. 4-1, at 1. The Warden noted that the complaint was reviewed and investigated, including review of the medical records. The Warden resolved that "[n]o evidence could be found indicating the officer applied the wrist restraints too tight, or that the Officer acted in a negligent manner." *Id*. The Warden also acknowledged that, when the cuffs were removed, Abrams received "a small laceration near [his] right thumb." The Warden indicated, however, that Abrams was promptly escorted to the infirmary where he was evaluated and treated with skin glue, and that the doctor noted that Abrams "maintained full range of motion of fingers and hand." The Warden denied the grievance calling the minor injury "unfortunate" but not the result of negligence on the part of the officer or the facility.

In the second step review by DOC officials on November 9, 2023, the medical records were again referenced to indicate that the small laceration Abrams's received was one-half inch between his right thumb and right pointer finger. *Id*. at 2. The official (whose signature is illegible)

also found the incident "unfortunate," but resolved that it was not done intentionally or maliciously. The official instead declared it was an accident that was immediately addressed by taking Abrams for medical care. The official also denied relief noting that they were unable to find any evidence that the injury was the result of neglect by the staff or the DOC.

## II. <u>Standards of Review for Frivolousness</u>

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. <u>Analysis</u>

#### A. <u>RCC as a Defendant</u>

Although it does not appear that Abrams identified RCC as a defendant, the Clerk of Court included RCC as a defendant on the docket sheet. Out of an abundance of caution, the Court finds that RCC is not a proper defendant under § 1983.

A plaintiff bringing a § 1983 complaint is required to identify both a constitutional violation and the responsible person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). In Louisiana, a jail facility is not an entity "legally empowered to do" anything independent of the managing agency. *See Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994). Because a jail is not a juridical entity under state law, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 . . ." and jails "are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. Jun. 9, 2008) (Order adopting attached Report and Recommendation) (addressing a Parish jail); *see* Fed. R. Civ. Proc. 17(b). It is well settled that, in Louisiana, a state run jail "is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *Castillo v. Blanco*, No. 07–215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); *see Wright v. Tanner*, No. 19-10652, 2019 WL 7584327, at *7 (E.D. La. Dec. 2, 2019) (collecting cases), *R&R adopted by* 2020 WL 224968, at *1 (E.D. La. Jan. 15, 2020).

Consequently, to the extent Abrams intended to sue the prison, the claims against RCC should be dismissed under 28 U.S.C. § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### B. Secretary LeBlanc, Warden Day, and Deputy Warden Bickham

Abrams does not indicate in his complaint why he named Secretary LeBlanc, Warden Day, or Deputy Warden Bickham as defendants in this action, except to designate each in his respective titled position. To the extent Abrams named these defendants in an individual capacity, he presents no allegations involving LeBlanc, Day, or Bickham with regard to the flex cuff incident or his injury.

A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980). The fact that Warden Day (and someone in Secretary LeBlanc's office) denied Abrams's grievance complaint is not sufficient to state a cognizable claim against him, since plaintiff has no right to an effective or successful grievance process. *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013); *Propes v. Mays*, 169 F. App'x 183, 184-85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

These officials also cannot be held responsible pursuant to § 1983 under any theory of *respondeat superior* or simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also*, *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."). Thus, any intended claims against Secretary LeBlanc, Warden Day, or Deputy Warden Bickham in an individual capacity are frivolous and otherwise fail to state a claim for which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A.

Abrams's claims fare no better to the extent he has named these officials in their respective official capacities. The Supreme Court has held that, when a state actor is sued in his official capacity, the action is considered to be one taken against the entity he represents. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978). LeBlanc is the secretary of the DOC, which is a department within the Louisiana state government. La. Stat. Ann. § 36:401. The Warden and Deputy Warden are employed at RCC, which is a state DOC facility. *See*, *e.g.*, *Francois v. Rigdon*, No. 08-3485, 2009 WL 1379723, at *4 (E.D. La. May 14, 2009); *Demouchet v. Rayburn Corr. Ctr.*, No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008). Thus, suit against LeBlanc, Day, and Bickham in an official capacity is suit against the DOC, an arm of the State of Louisiana.

However, the Supreme Court has made clear that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Furthermore, for Eleventh Amendment purposes, the DOC is considered an arm of the State of Louisiana since any money judgment against it or its subdivisions necessarily would be paid from state funds. *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. Mar. 29, 1985); *Champagne v. Jefferson Parish Sheriff's Off.*, 188 F.3d 312, 313-14 (5th Cir. 1999). Therefore, suit against the DOC, and its employees in their official capacities, implicates the Eleventh Amendment immunity doctrine and the jurisdiction of this federal court. *Muhammad v. Louisiana*, No. 99-2694 c/w 99-3742, 2000 WL 1568210 (E.D. La. Oct. 18, 2000); *Citrano v. Allen Corr. Ctr.*, 891 F. Supp. 312, 320 (W.D. La. Jun. 14, 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing *Anderson*, 655 F. Supp. at 560 and *Building Engr. Serv. Co., Inc. v. Louisiana*, 459 F. Supp. 180 (E.D. La. Sept. 28, 1978)).

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst St. Sch. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Seminole Tribe v. Florida*, 517 U.S. 44, 53-54 (1996); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). The State of Louisiana has neither consented to suit nor waived its Eleventh Amendment sovereign immunity. *See* La. Stat. Ann. § 13:5106(a). Without a waiver, the Court is without jurisdiction to hear Abrams's claims for monetary relief against defendants LeBlanc, Day, or Warden Bickham in their official capacities. *See Warnock v. Pecos Cty., Tx.*, 88 F.3d 341, 343 (5th Cir. 1996).

Therefore, the claims against Secretary LeBlanc, Warden Day, and Deputy Warden Bickham, each in his individual and official capacities, must be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for lack of jurisdiction, for failure to state a claim for which relief can be granted, and for seeking monetary relief against an immune defendant.

### C. Unknown Officers' Negligence

Abrams alleges that an unknown guard from another institution placed the flex cuffs on too tightly, and a second unknown guard from another institution cut his hand trying to remove the tight cuffs. He describes the incidents as the result of the officers' negligence. While Abrams has not identified the specific officers, doing so would not change the fact that his claims are frivolous.

Plaintiff's allegations present two incidents, the tight cuffing and the cut, which can only be redressed under § 1983 if the incidents implicate Abrams's constitutional rights under the Eighth Amendment which protects inmates from the use of excessive force. To state an Eighth

7

Amendment excessive force claim, a plaintiff must allege that the force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and that he suffered an injury. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). Under this test, prison guards can only be liable if they have committed more than "mere negligence," as "ordinary errors of judgment" are not enough. *Whitley v. Albers*, 475 U.S. 312, 322 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986) (claim of mere negligence on the part of a prison official is not cognizable under § 1983); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 647-48 (5th Cir. 1996) (same). "[N]egligently inflicted harm is categorically beneath the threshold" for a constitutional violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001) ("deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." (quotation marks and citations omitted)).

Abrams does not allege that either of the unidentified officers used force purposefully to cause him harm, much less maliciously and sadistically as required to breach the Eighth Amendment. Instead, he alleges that the first officer simply placed the cuffs too tightly and thought that Abrams would be fine with the cuffs as they were. Abrams himself claims that the officer acted negligently in placing the cuffs and in not heeding his complaints. The same is true of the second officer, whom Abrams claims accidentally cut him trying to get the tight cuffs off of his wrists.

Abram's negligence claims against the unknown officers do not rise to the level of a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hale v. McLean*, 250 F. App'x 89 (5th Cir. 2007). Moreover, Abrams at no point alleges or suggests that the actions, or force used, by the officers was motivated by an affirmative intent to harm or undertaken with malice.

Thus, Abram's claims fail to allege the central inquiry of an excessive force claim. *Whitley*, 475 U.S. at 312.

Furthermore, the placement of tight handcuffs, without more, does not offend the Constitution. *Glenn v. City of Tyler*, 242, F.3d 307, 314 (5th Cir. 2001) ("This court finds that handcuffing too tightly, without more, does not amount to excessive force."); *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007) (handcuffs applied too tightly without more is too minor to support an excessive force claim). To establish an excessive force claim, a plaintiff must allege the handcuffing caused a greater than *de minimis* degree of physical harm. *Montes v. Ransom*, 219 F. App'x 378, 380 (5th Cir. 2007) (explaining red marks and swelling from tight handcuffs are "minor injuries [which] are inherently transient, are only de minimis, and are not actionable")). Abrams has alleged no injury resulting from the tight cuffs, or at best a *de minimis* one of some temporary discomfort while the cuffs were on his wrists. This is insufficient to state a non-frivolous claim of excessive force for the placement of the tight cuffs. *Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010) (allegation that handcuffs were too tight does not constitute excessive force); *Templeton v. Jarmillo*, 28 F.4th 618, 622 (5th Cir. 2022) ("Tight handcuffing alone, even where a detainee sustains minor injuries, does not present an excessive force claim.").

As for the second incident, Abrams does not allege that he sustained the cut as the result of excessive and objectively unreasonable force. *Hudson*, 503 U.S. at 7 (force used should be that necessary to gain control of the situation). Instead, Abrams acknowledges that the cut he received was a direct result of the closeness of the cuffs to his skin, and that the second officer was merely removing the cuffs from his wrist when the cut occurred. Abrams does not allege or suggest any malice on the part of the unknown officer or that the force that resulted in the cut was unreasonable under the circumstances.

In addition, the cut he received, as his pleadings describe it, was minor and not more than *de minimis* for purposes of evaluating the reasonableness of the force used. *Sam v. Richard*, 887 F.3d 710, 713 (5th Cir. 2018) ("For the first element of an excessive force claim – injury – 'a *de minimis* injury is not cognizable' under § 1983.") (quoting *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017)); *see Thomas v. West*, No. 22-0030, 2022 WL 17331281, at *4 (E.D. Tex. Nov. 9, 2022) (cut thumb after use of force *de minimis* injury); *Johnson v. Hill*, 514 F. Supp. 3d 958, 969 (S.D. Tex. Jan. 21, 2021) (small laceration above a prisoner's eye, which was treated with stitches and ibuprofen, was a minor injury weighing against a finding of excessive force).

For the foregoing reasons, Abrams claims against the two unknown officers from another institution are insufficient to state a non-frivolous claim under § 1983 of excessive force because he alleges mere negligence on the part of the officers and otherwise has not alleged more than a *de minimis* use of force or injury. His claims should be dismissed pursuant to § 1915 and § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Timothy Abrams' 42 U.S.C. § 1983 complaint against defendants B.B. "Sixty" Rayburn Correctional Center, Secretary James LeBlanc, Warden Travis W. Day, Deputy Warden Keith Bickham, and "two unknown officers from another institution" be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A, as frivolous, for lack of jurisdiction, for seeking relief from an immune defendant, and/or for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 17th day of June, 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.